**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach**
**www.flsb.uscourts.gov**

In Re:                                                    CASE NO.: 18-17091-EPK
                                                          **Chapter 7**
**RYAN DUNN**

       **Debtor**
_____/

**MICHAEL R. BAKST, Trustee in**
**Bankruptcy for Ryan Dunn,**

       **Plaintiff.**
**vs.**                                                   **Adv.Proc.No.:**

**RYAN DUNN,**

       **Defendant.**
_____/

### COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727

    The Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Ryan Dunn** ("Trustee") by and through undersigned counsel, hereby sues the Defendant, **Ryan Dunn** ("Debtor") pursuant to Bankruptcy Rule 7001, and alleges:

### GENERAL ALLEGATIONS

    1.    This is an adversary proceeding brought by **Michael R. Bakst, Trustee in Bankruptcy for Ryan Dunn,** objecting to discharge pursuant to 11 U.S.C. § 727.

    2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A) & (J).

    3.    This voluntary proceeding was initially filed on June 13, 2018 as a Chapter 7

1

36260368:1

proceeding.    Michael R. Bakst has been appointed as the Chapter 7 Trustee.

4.    The Debtor filed this case without any Schedules or Statement of Financial Affairs, meaning it was filed as a Petition only case, on June 13, 2018.

5.    On June 14, 2018, the Court filed Notice of Incomplete Filings Due which indicating that the Summary of Your Assets and Liabilities and Certain Statistical Information, Schedules A-J, Statement of Financial Affairs. Declaration Concerning Debtors Schedules, Chapter 7 Statement of Current Monthly Income Form 122A-1, Payment Advices were all due to be filed with the Court by June 27, 2018. (ECF#5)

6.    On June 27, 2018, the Debtor filed his *Ex Parte* Motion to Extend Time to File Schedules, Payment Advices (Db), *Statement of Financial Affairs; Declaration Concerning Debtor's Schedules Chapter 7 Statement of Your Current Monthly Income Form 122A-1; and Payment Advices due for Debtor. (ECF#8)* and on June 29, 2018, an *Order Granting Motion to Extend Time to File Schedules* (ECF#9) was entered by the Court.

7.    On July 6, 2018, the Debtor filed his Initial Schedules [Summary of Assets/ Liabilities, Schedules A-J, Statement of Financial Affairs, Declaration re Schedules,] and Local Form 4, (ECF#12) payment advices, (ECF#13) and Chapter 7 Statement of Current Monthly Income Form 122A-I. (ECF#14)

8.    The Trustee filed an Ex-parte application to Employ Michael R. Bakst as attorney on July 9, 2018 (ECF#16) and on July 8, 2018, an Ex-parte Order Granting Application to Employ Michael R. Bakst was entered by the Court. (ECF#17)

9.    On July 9, 2018, the Trustee filed a Notice of Taking Deposition Duces Tecum of the Debtor, Ryan Dunn to be held on July 26, 2018 at 9:30 a.m. (ECF#18).

2

10.    A Cross Notice of Taking Rule 2004 Examination Duces Tecum of the Debtor, Ryan Dunn was filed by Creditor Signature Financial LLC. (ECF#21)

11.    On July 13, 2018, a Renewed Notice of Taking Rule 2004 Examination Duces Tecum of the Debtor, Ryan Dunn was filed by the Trustee to be held on August 14, 2018 at 12:00 p.m. (ECF#22)

12.    On July 20, 2018, a Cross Notice of Taking Rule 2004 Examination Duces Tecum of Ryan Dunn, Debtor on August 14, 2018 at 12:00 pm was filed by Creditor Signature Financial, LLC. (ECF#32)

13.    The Trustee has sought various documents pursuant to such Rule 2004 Examination Duces Tecum notices, as referenced above, which the Debtor has failed and refused to provide.

14.    Such documents that the Debtor has failed to provide to the Trustee include, but are not limited to:

(a) various financial records, including bank records, for the closely held entity known as C.R.M. Group of Florida, LLC;

(b) complete bank records for all of the Debtor's personal bank accounts; (only limited bank records were produced);

(c) documentation relating to the sale and transfer of the Debtor's 2015 Chevrolet Corvette allegedly transferred on April 6, 2018 for $17,000.00 (as disclosed on the Statement of Financial Affairs Question 18);

(d) documents relating to the refinance of the real property located at 12161 Boca Reserve Lane, Boca Raton, Fl 33428 ("Real Property"); and

3

(e) banking records for the Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended for any time after May 24, 2018, when there appeared to be $7,123.29 within that bank account, while the Debtor failed to disclose the funds within such bank account anywhere on his Schedule B.

15.     The last time that the Debtor was employed was January 2018 where he worked at his closely held company known as R &D Bus Company. This business went out of business and closed down operation, subsequently filing its own Chapter 7 bankruptcy in Illinois, filed February 23, 2018, Case Number 18-05068. The Debtor had worked for at least the last four (4) years at R & D Bus Company as his alleged sole source of income, yet the Debtor seems to have come up with substantial funds over the past several years that cannot be traceable to any particular identifiable source.

16.     Within the one year prior to the bankruptcy filing, the Debtor continued his years long practice of concealing his own funds in various bank accounts of business entities, including, but not limited to, banking accounts of R & D Bus Company and C.R.M Group of Florida, LLC, such that he would then use such accounts to pay his own personal bills. Such practice was engaged upon by the Debtor primarily because of his efforts to prevent creditors to whom he owed debts and was in default on such debts, including the Internal Revenue Service, from being able to obtain such funds. Such practice of concealing assets, including concealing money in business entity bank accounts, was done by the Debtor with the actual intent to hinder, delay or defraud creditors both outside of and within the one year of the bankruptcy filing.

17.     The Debtor has failed to disclose, or falsely disclosed, certain required information relating to his assets, finances and business affairs on his Schedules and Statement of

4

36260368:1

Financial Affairs. Such failures to disclose, or false disclosures of required information, would include, but not be limited to:

(a) the transfer of the real property located at 12161 Boca Reserve Lane, Boca Raton, Fl 33428 ("Real Property") into the Ryan Dunn Revocable Trust Dated October 10, 2012 as Amended which should have been listed on the Statement of Financial Affairs Question 19;

(b) the Debtor's interest in the probate estate of his father which has litigation currently pending in Mississippi;

(c) the fact that the Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended held what appears to be $7,123.29 within its bank account as of the last bank statement provided by the Debtor to the Trustee for the trust (dated May 24, 2018), all of which the Debtor failed to disclose anywhere on his Schedules or Statement of Financial Affairs, including, but not limited to, Schedule B-25; and

(d) the failure to disclose the transfer of real property located at 1830 Yale Road, Flossmoor Illinois 60422 which occurred on or around July or August 2017, anywhere on the Debtor's Schedules or Statement of Financial Affairs, including, but not limited to, the Debtor's Statement of Financial Affairs Question 18.

18.    As evidenced by the Quit Claim Deed attached hereto as Exhibit "1", the Debtor reacquired title to the Real Property on January 9, 2018 pursuant to a Quit Claim Deed dated December 29, 2017 on its face recorded in the public records in and for Palm Beach County at Official Records Book 29578 Pages 12 and 13 wherein the entity known as C.R.M. Group of Florida, LLC executed such Quit Claim Deed with the Debtor signing as the Manager and Sole Member. Nowhere on the Debtor's Schedules or Statement of Financial Affairs, including, but

5

not limited to, the Debtor's Schedule A did the Debtor disclose such conveyance having occurred at that time. The Debtor had initially purchased the Real Property individually on January 16, 2014, but conveyed the Real Property to C.R.M. Group of Florida, LLC on April 26, 2016 in an effort to conceal the Real Property from creditors. A true and correct copy of the Warranty Deed from the Debtor to C.R.M. Group of Florida, LLC is attached hereto as Exhibit "2".

19.     As evidenced by the Warranty Deed attached hereto as Exhibit "3", the Debtor conveyed title to the Real Property on January 9, 2018 pursuant to a Warranty Deed dated December 29, 2017 on its face recorded in the public records in and for Palm Beach County at Official Records Book 29578 Pages 14 and 15 wherein the Debtor individually executed such Warranty Deed conveying the Real Property to Ryan Dunn, Trustee of the Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended.  Nowhere on the Debtor's Schedules or Statement of Financial Affairs, including, but not limited to, the Debtor's Statement of Financial Affairs Question 19, did the Debtor disclose such conveyance by him into such trust. Such conveyance was recorded in the public records after the aforementioned Quit Claim deed was recorded in the public records.

20.     The Trustee inquired of the Debtor at his Rule 2004 examination about certain banking transactions which the Debtor was unable to explain. Such unexplained banking transactions include, but are not limited to, $22,500.00 deposited on October 14, 2016 into the Debtor's Chase bank account #9728.

<u>**COUNT I - DENIAL OF DISCHARGE**</u>
<u>**PURSUANT TO 11 U.S.C. §727(a)(2)A)**</u>

21.     The Trustee realleges paragraphs 1 through 20 as if fully set forth herein.

6

22.    Pursuant to 11 U.S.C. §727(a)(2)(A), the Court shall grant a debtor a discharge, unless:

> The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this Title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – property of the debtor, within one year before the date of the filing of the petition.

23.    The Debtor has transferred, removed, destroyed, mutilated or concealed property of the Debtor within the one year before the date of the filing of his petition with the intent to hinder, delay or defraud a creditor or an office of the estate charged with custody of property under Title 11. Such transfers, destructions, mutilations or concealments include, but are not limited to:

(a) the transfer on January 9, 2018 of the real property located at 12161 Boca Reserve Lane, Boca Raton, Fl 33428 ("Real Property") into the Ryan Dunn Revocable Trust Dated October 10, 2012 as Amended, which was also concealed;

(b) the concealment of the Debtor's interest in the probate estate of his father which has litigation currently pending in Mississippi;

(c) the concealment during the one year prior to the bankruptcy filing of what appears to be more than $7,123.19 of personal funds traceable to the Debtor which the Debtor deposited into the bank account under the name of the Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended;

(d) the transfer of real property located at 1830 Yale Road, Flossmoor Illinois 60422 which occurred on or around July or August 2017, which the Debtor also concealed;

7

(e) the transfer of his personal funds and concealment of such funds during the one year preceding the bankruptcy filing into the bank accounts of R & D Bus Company and C.R.M Group of Florida, LLC; and

(f)    the transfer of the Debtor's 2015 Chevrolet Corvette, which was allegedly transferred on April 6, 2018

24.    All such transfers, removals, and/or concealments referenced above were done by the Debtor with the actual intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11.

25.    The Debtor has transferred, removed, and/or concealed or has permitted to be transferred, removed, and/or concealed, property of the Debtor within less than one (1) year before the date of the filing of the bankruptcy petition.

26.    **Ryan Dunn**'s discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(A) as a result of these transfers, removals, destructions, mutilations and/or concealments.

**WHEREFORE**, the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for **Ryan Dunn**, by and through undersigned counsel, respectfully requests that the Court enter judgment denying the discharge of **Ryan Dunn**, plus grant such other and further relief as the Court deems just and proper.

## COUNT II - DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(2)(B)

27.    The Trustee realleges paragraphs 1 through 20 above as if fully set forth herein.

28.    Pursuant to 11 U.S.C. §727(a)(2)(B), the Court shall grant a debtor a discharge, unless:

> "The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this

8

Title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - property of the estate, after the date of the filing of the petition."

29.    After the date of the filing of the bankruptcy filing, the Debtor continued his years long practice of concealing his own funds in various bank accounts of business entities, including, but not limited to, banking accounts of C.R.M Group of Florida, LLC, such that he has used such accounts to pay his own personal bills. The Debtor continues to conceal and transfer property of the estate within the bank account of Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended.

30.    Such practice of concealing assets, including money in business entity bank accounts and the bank account of the Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended, has been done post petition by the Debtor with the actual intent to hinder, delay or defraud creditors.

31.    Based upon the foregoing, the Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(B) as a result of these transfers, removals, and/or concealments of property of the estate post-petition.

**WHEREFORE** the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for **Ryan Dunn**, by and through undersigned counsel, respectfully requests that this Court enter judgment denying the discharge of Debtor, **Ryan Dunn**, plus grant such other and further relief as this Court deems just and proper.

## COUNT III - DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. §727(a)(3)

32.    The Trustee realleges paragraphs 1 through 20 as if fully set forth herein.

9

33.     The Debtor has failed to keep and/or preserve relevant documentation as is necessary pursuant to 11 U.S.C. §727(a)(3) in order to ascertain his financial condition or business transactions.

34.     There is insufficient recorded information in which to ascertain all of the Debtor's financial condition or business transactions based upon missing or insufficient documentation. The Debtor has produced only limited banking records for various bank accounts of his own, for business entities and/or for the Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended, all of which makes it impossible to property ascertain the Debtor's financial condition or business transactions.

35.     There is also insufficient recorded information in which to ascertain all of the Debtor's financial condition or business transactions based upon the fact that the Debtor is indebted to creditors for well in excess of $2,574,699.82 without any documentation to demonstrate the disposition of assets to support such debt

36.     As further explained above, the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers from which the Debtor's financial condition or business transactions might be ascertained.

37.     Ryan Dunn's discharge should be denied pursuant to 11 U.S.C. §727(a)(3) as a result of his actions.

**WHEREFORE,** the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for **Ryan Dunn,** by and through undersigned counsel, respectfully requests that the Court enter judgment denying the discharge of the Debtor, Ryan Dunn, plus grant such other and further relief as the Court

10

deems just and proper.

## COUNT IV - DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. §727(a)(4)(A)

38.     The Trustee realleges paragraphs 1 through 20 as if fully set forth herein.

39.      On or about June 13, 2018, on all of the dates of the signing of his bankruptcy Schedules and Statement of Financial Affairs, all amendments to same, and pursuant to his testimony within his first meeting of creditors and all depositions in this case, the Debtor knowingly and fraudulently made false oaths or accounts in this case.

40.     Under penalty of perjury, the Debtor certified that the Schedules and Statement of Financial Affairs of his bankruptcy petition were true and correct.

41.     In truth and in fact, as the Debtor well knew, the Schedules and Statement of Financial Affairs contained numerous material omissions and false statements.

42.     The material omissions and false statements, as provided more specifically in the preceding paragraphs, include, but are not limited to, the following:

(a) the transfer of the real property located at 12161 Boca Reserve Lane, Boca Raton, Fl 33428 ("Real Property") into the Ryan Dunn Revocable Trust Dated October 10, 2012 as Amended which should have been listed on the Statement of Financial Affairs Question 19;

(b) the Debtor's interest in the probate estate of his father which has litigation currently pending in Mississippi;

(c) the fact that the Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended held what appears to be $7,123.29 within its bank account as of the last bank statement provided by the Debtor to the Trustee for the trust (dated May 24, 2018), all of which the Debtor failed to disclose anywhere on his Schedules or Statement of Financial Affairs, including, but not limited

11

to, Schedule B-25; and

(d) the failure to disclose the transfer of real property located at 1830 Yale Road, Flossmoor Illinois 60422 which occurred on or around July or August 2017, anywhere on the Debtor's Schedules or Statement of Financial Affairs, including, but not limited to, the Debtor's Statement of Financial Affairs Question 18.

43.    As provided within 28 U.S.C. §1746 such certification made by the Debtor had the same force and effect of an oath.

44.    Ryan Dunn's discharge should be denied pursuant to 11 U.S.C. §727(a)(4)(A) as a result of his actions.

**WHEREFORE,** the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for **Ryan Dunn**, by and through undersigned counsel, respectfully requests that the Court enter judgment denying the discharge of the Debtor, Ryan Dunn, plus grant such other and further relief as the Court deems just and proper.

## COUNT V - DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(5)

45.    The Trustee realleges paragraphs 1 through 20 above as if as if fully set forth herein.

46.    Pursuant to 11 U.S.C. §727(a)(5), the Court shall grant a debtor a discharge, unless the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtors liabilities.

47.    The Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, the loss or deficiency of assets to meet the Debtor's liabilities such as, but not limited to:

- Various banking transactions which the Debtor was unable to explain, including, but not limited to, $22,500.00 deposited on October 14, 2016 into the Debtor's Chase bank account #9728;
- The transfer of his 2015 Chevrolet Corvette and the disposition of the proceeds from same; and
- the transfer of real property located at 1830 Yale Road, Flossmoor Illinois 60422 which occurred on or around July or August 2017 and the funds obtained from same.

48.     The Debtor has incurred substantial liabilities to unsecured creditors of in excess of $2,574,699.82.    The Debtor cannot demonstrate a loss of assets or deficiency of assets to meet these liabilities nor can he adequately explain how assets were lost and/or used.

49.     It is clear that the Debtor has substantial unpaid liabilities which do not correspond with his assets that existed as of the date of filing bankruptcy.

50.     **Ryan Dunn**'s discharge should be denied pursuant to 11 U.S.C. §727(a)(5) as a result of his failure to explain satisfactorily the loss of assets or deficiency of assets to meet the Debtor's liabilities.

**WHEREFORE,** the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for **Ryan Dunn**, by and through undersigned counsel, respectfully requests that the Court enter judgment denying the discharge of the Debtor, Ryan Dunn, plus grant such other and further relief as the Court deems just and proper.

## COUNT VI- DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(4)(D)

51.     The Trustee realleges paragraphs 1 through 20 above as if fully set forth herein

52.     Pursuant to 11 U.S.C. §727(a)(4)(D), the Court shall grant a debtor a discharge unless the debtor withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

13

53.     The Debtor has knowingly and fraudulently withheld from the Trustee, based on his repeated requests, to provide documentation demonstrating the amount of money that was actually received.

54.     Among the recorded information the Debtor has withheld from the Trustee includes, but is not limited to:

(a) various financial records, including bank records, for the closely held entity known as C.R.M. Group of Florida, LLC;

(b) complete bank records for all of the Debtor's personal bank accounts (only limited bank records were produced);

(c) documentation relating to the sale and transfer of the Debtor's 2015 Chevrolet Corvette allegedly transferred on April 6, 2018 for $17,000.00 (as disclosed on the Statement of Financial Affairs Question 18);

(d) documents relating to the refinance of the real property located at 12161 Boca Reserve Lane, Boca Raton, Fl 33428 ("Real Property"); and

(e) banking records for the Ryan Dunn Revocable Trust Dated October 10, 2012, as Amended for any time after May 24, 2018, when there appeared to be $7,123.29 within that bank account, while the Debtor failed to disclose the funds within such bank account anywhere on his Schedule B.

55.     The discharge of Debtor, **Ryan Dunn** should be denied pursuant to 11 U.S.C. § 727(a)(4)(D) as a result of his actions.

**WHEREFORE**, the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for **Ryan Dunn**, by and through undersigned counsel, respectfully requests that the Court enter judgment denying the discharge of **Ryan Dunn**, plus that the Court grant such other and further relief as the Court

14

deems just and proper.

      **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

      Dated:   September 17, 2018.

                            **GREENSPOON MARDER LLP**

                            MICHAEL R. BAKST, ESQ.
                            Attorney for Trustee
                            Florida Bar No.: 866377
                            CityPlace Tower
                            525 Okeechobee Blvd, Suite 900
                            West Palm Beach FL 33401
                            (561) 838-4523

emb/29511-0484

15

CFN 20180011406
OR BK 29578 PG 0012
RECORDED 01/09/2018 11:31:17
AMT 10.00
Doc Stamp 0.70
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 0012 - 13; (2pgs)

*This document was prepared by
and should to be returned to:*
Aaron D. Millman, Esq.
**REDGRAVE & ROSENTHAL LLP**
*120 E. Palmetto Park Road, Suite 400*
*Boca Raton, Florida 33432*

Parcel Identification Number:        *00-41-47-27-10-000-0130*

## QUIT CLAIM DEED

**THIS INDENTURE**, made this **29** day of **DEC**_____, 2017, between C.R.M. GROUP OF FLORIDA, LLC, a Florida limited liability company, whose post office address is: 12161 Boca Reserve Lane, Boca Raton, Florida 33428, First Party; and RYAN DUNN, a single man, whose post office address is: 12161 Boca Reserve Lane, Boca Raton, Florida 33428, Second Party.

W I T N E S S E T H, that the said First Party, for and in consideration of the sum of $10.00 in hand paid by the said Second Party, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said Second Party forever, all the right, title, interest, claim and demand which the said First Party has in and to the following described lot, piece or parcel of land, situate, lying and being in the County of Palm Beach, State of Florida, to wit:

Lot 13 of BOCA RESERVE PUD, according to the Plat thereof, as recorded in Plat Book 115, page 198, of the Public Records of Palm Beach County, Florida.

TO HAVE AND TO HOLD the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said First Party, either in law or equity to the only proper use, benefit and behoof of the said Second Party forever.

Note: This deed has been prepared at the First Party's request without examination or legal opinion of title.

IN WITNESS WHEREOF, the First Party has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered
in the presence of:

Witness:

sign    _Susan C. Hauck_

print   _Susan C. Hauck_

sign    _Victoria Ann DeJesus_

print   _Victoria Ann DeJesus_

C.R.M. GROUP OF FLORIDA, LLC

By: _____
RYAN DUNN, Manager and Sole Member

-1-
REDGRAVE & ROSENTHAL LLP



STATE OF FLORIDA
COUNTY OF PALM BEACH

    I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgements, personally appeared: RYAN DUNN, ☑ who is personally known to me or ☐ who has produced _____ as identification and who did take an oath and is to me known to be the person described in and who executed the foregoing instrument and acknowledged before me that he executed the same.

    WITNESS my hand and official seal in the County and State aforesaid this $29$ day of _____, 2017.

NOTARY PUBLIC:

sign _____

AARON D. MILLMAN
Commission # GG 098491
Expires June 5, 2021
Bonded Thru Troy Fain Insurance 800-385-7019

*not a certified copy*

ADM/wdj
O:\Dunn, Ryan\Dunn, Ryan (EP)\Quit Claim Deed 2017.wpd

-2-
REDGRAVE & ROSENTHAL LLP

CFN 20160143691
OR BK 28253 PG 974
RECORDED 04/26/2016 11:23:40
Palm Beach County, Florida
AMT
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 0974-0975; (2Pgs)

Prepared by and return to:
Marilyn J. Wiener, Esq.
6111 Broken Sound Parkway NW
Suite 330
Boca Raton, FL 33487
Parcel Identification No. 00-41-47-27-10-000-0130

_____[Space Above This Line For Recording Data]_____

# Warranty Deed

**This Indenture** made this 21st day of April, 2016 between Ryan Dunn, a single man, whose post office address is 12161 Boca Reserve Lane, Boca Raton, FL 33428, of the County of Palm Beach, State of Florida, grantor, and The C.R.M. Group of Florida, LLC, a Florida limited liability company whose post office address is 12161 Boca Reserve Lane, Boca Raton, FL 33428, of the County of Palm Beach, State of Florida, grantee,

**Witnesseth** that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in Palm Beach County, Florida, to-wit:

Lot 13 of BOCA RESERVE PUD, according to the Plat thereof, as recorded in Plat Book 115, page 198, of the Public Records of Palm Beach County, Florida.

Subject to taxes for 2016 and subsequent years; covenants, conditions, restrictions, easements, reservations and limitations of record, if any.

and said grantor does hereby fully warrant the title to said land, and will defend the same against lawful claims of all persons whomsoever.

DoubleTime®



EXHIBIT
**2**

CFN 20160143691
BOOK 28253 PAGE 975
2 OF 2

This Deed was prepared at grantor's request without investigation of title.

In Witness Whereof, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

_____    _____ (Seal)
Witness Name: _____    RYAN DUNN

_____
Witness Name: _Rivian L. Free_

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this _21st_ day of April, 2016, by RYAN DUNN, who (__) is personally known to me, or (X) has produced an _Illinois_ driver's license as identification.

Notary Seal

_____
Notary Public
Print Name: _Marlyn Joan Tintenfass_
My Commission Expires: _05/02/2020_



MARLYN JOAN TINTENFASS
MY COMMISSION # FF972430
EXPIRES May 02, 2020
(407) 398-0153   FloridaNotaryService.com

CFN 20180011407

OR BK 29578 PG 0014
RECORDED 01/09/2018 11:31:17
AMT 10.00
Doc Stamp 0.70
Palm Beach County, Florida
Sharon R. Bock,CLERK & COMPTROLLER
Pgs 0014 - 15; (2pgs)

*This document was prepared by
and should be returned to:*
*Aaron D. Millman, Esq.*
*REDGRAVE & ROSENTHAL LLP*
*120 E. Palmetto Park Road, Suite 400*
*Boca Raton, Florida 33432*

*Parcel Identification Number:*        00-41-47-27-10-000-0130

### WARRANTY DEED

**THIS WARRANTY DEED,** made this 29 day of ___DEC___, 2017, between RYAN DUNN, a single man, whose post office address is: 12161 Boca Reserve Lane, Boca Raton, Florida 33428, GRANTOR, and RYAN DUNN, TRUSTEE OF THE RYAN DUNN REVOCABLE TRUST DATED OCTOBER 10, 2012, AS AMENDED, whose post office address is: 12161 Boca Reserve Lane, Boca Raton, Florida 33428, GRANTEE.

THE GRANTOR in consideration of the sum of $10.00 and good valuable considerations to said GRANTOR in hand paid by said GRANTEE, the receipt of which is hereby acknowledged, has granted, bargained and sold to said GRANTEE, and GRANTEE's heirs, successors and assigns forever, the following described land situate in Palm Beach County, Florida, to wit:

Lot 13 of BOCA RESERVE PUD, according to the Plat thereof, as recorded in Plat Book 115, page 198, of the Public Records of Palm Beach County, Florida.

It is hereby certified that Ryan Dunn is entitled to the use and occupancy as to an equitable life estate in Real Property under the terms of the Ryan Dunn Revocable Trust dated October 10, 2012, as amended; therefore, having sufficient title to claim Homestead exemption in compliance with Rule of the State of Florida, Department of Revenue, Division of Ad-Valorem Tax, Chapter 12D-7.011 (AGO 94-95 and AGO 90-70).

The GRANTOR does hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever. Where used herein the terms GRANTOR and GRANTEE shall be construed as singular or plural as the context requires.

The TRUSTEE and any Successor Trustee shall have the independent power and authority pursuant to Florida Statutes Section 689.071, to protect, conserve, sell, lease, encumber or otherwise manage and dispose of the real property conveyed by this deed.

The SUCCESSOR TRUSTEES are Bertha L. Dunn and Nicole Aldridge, serving individually in the order listed.

Any person dealing with the TRUSTEE shall deal with said TRUSTEE in the order as set forth above. However, no person shall deal with a Successor Trustee until one or more of the following have been received by said person or placed of record in the aforementioned county:

A.      The written and notarized resignation of the prior TRUSTEE.

-1-
REDGRAVE & ROSENTHAL LLP

EXHIBIT 3

Book29578/Page15
CFN#20180011407
Page 2 of 2

B.    A certified death certificate of the prior TRUSTEE.

C.    The order of a court of competent jurisdiction adjudicating the prior TRUSTEE an incapacitated person, or removing said TRUSTEE for any reason.

D.    The written certificates of two physicians currently practicing medicine that the TRUSTEE is physically or mentally incapable of handling the duties of the TRUSTEE.

E.    The written and notarized removal of a Successor TRUSTEE and/or the appointment of an additional Successor TRUSTEE by the GRANTOR.

This conveyance is subject to restrictions, reservations, limitations and easements of record, taxes for the year 2017 and subsequent years, and all mortgages of record which the GRANTEE herein assumes and agrees to pay.

Note: This deed has been prepared at the GRANTOR's request without examination or legal opinion of title.

Witness:

sign _____              sign _____
                                                      RYAN DUNN
print  Susan C. Hauck

sign _____

print  Victoria Ann DeJesus

STATE OF FLORIDA
COUNTY OF PALM BEACH

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgments, personally appeared: RYAN DUNN, ☑ who is personally known to me or ☐ who has produced _____ as identification and who did take an oath and is to me known to be the person described in and who executed the foregoing instrument and acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State aforesaid this 29 day of December, 2017.

NOTARY PUBLIC:

sign _____

ADM/vdj
O:\Dunn, Ryan\Dunn, Ryan (EP)\Warranty Deed 2017.wpd

-2-

REDGRAVE & ROSENTHAL LLP

AARON D. MILLMAN
Commission # GG 098491
Expires June 5, 2021
Bonded Thru Troy Fain Insurance 800-385-7019