UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

**In re:**                                                       Case No.: 18-17091-EPK
                                                                 Chapter 7
**RYAN DUNN**

     **Debtor**
_____/

## TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS

Michael R. Bakst, Trustee in Bankruptcy for Ryan Dunn, by and through undersigned counsel, hereby files this Motion for Contempt and Sanctions and states:

1. This voluntary Chapter 7 proceeding was filed on June 23, 2018. Michael R. Bakst has been appointed as the Chapter 7 Trustee.

2. On November 15, 2018, the Trustee filed an Objection to Debtor's Claim of Exemptions, in addition to Motion For Turnover Of Property (12161 Boca Reserve Lane, Boca Raton Fl 33428 2011 Lincoln MKT federal exemptions for funds), Motion to Approve Trustee's Revocation of a Revocable Trust created by the Debtor. (ECF#137)

3. A hearing was to be held on November 28, 2018 (ECF#138) which was continued pursuant to the Agreed Order Granting Motion to Continue Hearing to be held on December 5, 2018. (ECF#145)

4. A Response to the Trustee's Objection to Debtor's Claim of Exemptions filed by Trustee Michael R Bakst, Motion For Turnover Of Property (12161 Boca Reserve Lane, Boca Raton Fl 33428 2011 Lincoln MKT federal exemptions for funds), Motion to Approve Trustee's Revocation of a Revocable Trust created by the Debtor) was filed by the Debtor on December 3, 2018. (ECF#151)

38122724.1

5. A Re- Notice of Hearing on Trustee's Objection to Debtor's Claim of Exemptions in addition to Motion For Turnover Of Property (12161 Boca Reserve Lane, Boca Raton Fl 33428 2011 Lincoln MKT federal exemptions for funds), Motion to Approve Trustee's Revocation of a Revocable Trust created by the Debtor was scheduled for December 12, 2018. (ECF#152)

6. On January 9, 2019 the Court entered an Order Sustaining Trustee's Objection to Exemptions in Part, Revoking Trust, Reserving Ruling in Part and Setting Evidentiary Hearing February 26, 2019 at 9:30 a.m. on Debtor's Claim of Homestead Exemption (ECF#168). The Court did in fact rule upon the claimed exemption of a 2011 Lincoln MKT and certain money in the bank that was found to be non-exempt and which the Debtor was required to turn over.

7. The Debtor has failed and refused to comply with the Court's Order of January 9, 2019. (ECF#168) Within seven (7) days from the date of the order entered on January 9, 2019. (ECF#168) the Debtor was required to turn over the 2011 Lincoln MKT to the Trustee to be administered with his entitlement of $4,946.15 being paid from the net sales proceeds unless the Debtor paid $2,053.85 to the Trustee for the equity above exemptions within the next seven (7) days from the date of the Order entered on January 9, 2019. (ECF#168). The Debtor failed to comply with this requirement and made no attempt to seek an extension to comply for any reason.

8. Further, in order to comply with the Court's Order of January 9, 2019, the Debtor was to immediately turn over the funds from one bank account in the amount of $78.85. The Debtor failed to comply with this requirement of the Court and made no attempt to seek an extension to comply for any reason.

38122724.1

9. It appears to the Trustee that the Debtor is intentionally, willfully, and with disregard for the authority of the Court failing and refusing to comply with court orders.

10. Accordingly, the Trustee seeks an order finding the Debtor in contempt of court, imposing sanctions by way of the attorney fees and costs that the estate has incurred, and providing that if the Debtor fails to purge such contempt by complying with the Order entered by the Court on January 9, 2019 (ECF#168) on or before a date set by the Court, and paying sanctions, the Court shall, upon affidavit alone of the Trustee or Trustee's counsel of non-compliance by the Debtor, enter an order denying discharge, and that the Court, upon further motion of the Trustee, would enter a separate order directing the U.S. Marshals to apprehend the Debtor to bring him before the Court for a determination of further sanctions, including, but not limited to, incarceration.

WHEREFORE Michael R. Bakst, Trustee in Bankruptcy for Ryan Dunn, by and through undersigned counsel, respectfully requests that the Court enter an order finding the Debtor, Ryan Dunn in contempt of Court based on the failure to comply with the Order (ECF#168), and providing sanctions against the Debtor, by way of attorney fees that the estate has incurred based upon the inherent jurisdiction of the Court. Moreover, the Trustee requests that the Court Order provide that in the event the Debtor fails to purge the contempt by complying with the Order entered by the Court on January 9, 2019 (ECF#168) on or before a date set by the Court, and paying sanctions, the Court shall, upon affidavit alone of the Trustee or Trustee's counsel of non-compliance by the Debtor, enter an order denying discharge, and that the Court, upon further motion of the Trustee, would enter a separate order directing the U.S. Marshals to apprehend the Debtor to bring him before the Court for a determination of further sanctions, including, but not


limited to, incarceration, plus grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties listed below, and in the manner indicated on this ___29___ day of ___January___, 2019.

                              **GREENSPOON MARDER LLP**

                              _____
                              MICHAEL R. BAKST
                              Attorney for Trustee
                              Florida Bar No. 866377
                              City Place Tower
                              525 Okeechobee Blvd., Suite 900
                              West Palm Beach FL 33401
                              (561) 838-4523
                              Email: michael.bakst@gmlaw.com

emb/29511-0484

**Electronic Mail Notice List**

- Michael R Bakst    efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu1401@gmlaw.com;efileu1857@gmlaw.com;efileu1093@gmlaw.com
- Michael R. Bakst    efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;efileu2170@gmlaw.com;efileu2299@gmlaw.com
- Bertis A Echols    bechols@evanspetree.com, sbruce@evanspetree.com
- Amanda E Finley    afinley@sequorlaw.com, ngonzalez@sequorlaw.com
- Soneet R. Kapila    mwalker@kapilaco.com
- Brian K. McMahon    briankmcmahon@gmail.com, irizarryelise1@gmail.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Geoffrey J Peters    gpeters@weltman.com, colnationalecf@weltman.com
- Stuart A Young    syoung@ybplaw.com

38122724.1

**Manual Notice List**

Ryan Dunn
12161 Boca Reserve Lane
Boca Raton, FL 33428

Arlene N Gelman
222 N LaSalle #2600
Chicago, IL 60601

Daniel P. Jackson
222 N LaSalle St #2600
Chicago, IL 60601

Michael Murphy Tannen
c/o Tannen Law Group, PC
19 S LaSalle St, Ste 1600
Chicago, IL 60603

38122724.1